REYNOLD'S CASE.

Kennebec.  Opinion March 21, 1929.

*Emery O. Beane,* for claimant.
*Robinson & Richardson,* for respondent.

SITTING: WILSON, C. J., DEASY, BARNES, BASSETT, JJ.
PHILBROOK, A. R. J.

BARNES, J.    This is an appeal from decree of the sitting Justice sustaining the finding of the Industrial Accident Commission, ordering payment of compensation, on petition of the employee, after termination of compensation for total disability.

On the third day of December, 1927, petitioner was employed as a carpenter, and, while installing forms, a part of his duties, he fell, injuring his left shoulder.

For this he received compensation until the second day of the following June, when he signed a "settlement receipt" with the insurance carrier, which was duly approved by the Commission.

Two weeks later he petitioned for further compensation on account of the same injury, and, under date of October 16, 1928, the Commission ordered compensation for temporary total incapacity from and including June 2, 1928, to and including October 10, 1928; any further compensation, total or partial to result from employee's own demonstration of his capacity.

The record proves that petitioner suffered both physically and mentally.

His bodily disability had progressed toward cure from total incapacity, while his left arm and shoulder were "fixed in a flexed position," by the application of a splint, adhesive plaster and bandages, through manipulation and electric treatment to the point where it was recommended that he begin using his arm.

Mental disability, if a sequence as the effect of injury to a great nerve centre, received in the course of his employment and arising out of it is compensable.

No citations of authorities are needed; from complete paralysis, or coma, down through the grades of disability that lessen an operative's capacity to do the work of his employment, mental inefficiency is to be considered in appraising the economic value of a man.

Petitioner here, a man of sixty years was, by the record, when hired, entirely efficient neither bodily nor mentally.

Due to a fracture of the ulna, his left arm was in an abnormal condition; and, on the testimony of the expert introduced by appellant, a cerebral abnormality had been affecting him for ten years.

In all apparent honesty of purpose petitioner, in the spring of 1928, attempted to take up the lightest and simplest of carpentry.

Promptly thereupon an agent of the carrier secured his signature to the "settlement receipt."

The record presents that petitioner was unable to work at the time of last hearing.

His mental deficiency was by appellant's expert termed cerebral congestion.

By whatever term named, if it prevented him from using his limbs or fingers to such degree that he could not do carpenter's work, or other labor, whether pressure on nerve centers of the brain, or mental pain or anguish, the record proves the disability then existed.

"Worry" is the term used by the Commissioner to express the mental abnormality.

He found the fact. He found it was either caused by the injury, or that a preëxisting state of mental abnormality or sub-normality was excited and caused to flame up with overpowering vigor by the injury.

The Commissioner's language is not technical. More precise diction might have been used by another.

But we find in the record evidence tending to substantiate the decree, as we understood it.

Hence the mandate must be,

*Appeal dismissed.*